**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TRUSTEES OF THE NEVADA RESORT ASSOCIATION-INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA LOCAL 720 PENSION TRUST, et al.,

Plaintiff,

v.

PROJECTION VIDEO SERVICES, INC.,

Defendant.

Case No. 2:17-cv-00846-GMN-CWH

**REPORT & RECOMMENDATION**

Presently before the Court is a motion brought by Plaintiffs Nevada Resort Association-International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada ("IATSE"), Local 720 Pension Trust, ("Board of Trustees"), and Nevada Resort Association-International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada Local 720 Pension Trust (the "Trust"). Plaintiffs motion for default judgment (ECF No. 11) was filed on June 6, 2017. No opposition has been filed.

**I. BACKGROUND**

Plaintiffs' claim is made under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1500, and alleges that Defendant Projection Video Services, Inc. ("PVS"), failed to make payments to the Trust, which Plaintiffs allege qualifies as an employee benefit pension plan under 29 U.S.C. § 1002(2). Pl.'s Mot. at p. 2. Plaintiffs further allege that they are a qualifying plan sponsor under 29 U.S.C. § 1002(16)(B)(iii). *Id.* Defendant was previously a participating employer in the Trust, but withdrew. *Id.* Plaintiffs allege that per the terms of the Trust, Defendant was liable for $18,804 upon withdrawal. *Id.* Plaintiffs allege that they notified PVS of this liabilty on December 9, 2016, but that PVS has made no payments as of the filing of this motion. *Id.* Plaintiffs

further allege that on January 4, 2017, they notified PVS that it would be in default if it failed to make a payment within sixty days, and that PVS did not make any payments in response to this notice. *Id.* Plaintiffs then brought the present suit against PVS, seeking a judgment for the entire assessed withdrawal liability plus interest, liquidated damages, attorney's fees and costs, which it computed at $29,860. *Id.* at 3. Plaintiffs calculation of damages is based on the amount of withdrawal liability it alleges, $18,804, plus $1,524 interest at the rate determined in the Trust's governing documents (18%), plus $3,760 in liquidated damages, which are also provided for in the Trust's governing documents, plus $772 in attorney's fees already accrued. *Id.* at 8. Plaintiffs also asks for $5,000 in "anticipated attorney's fees." *Id.*

PVS was served with a summons and a copy of the complaint on April 18, 2017 through Mark Nasser, an executive employee of PVS, but PVS did not answer or otherwise appear in this case. Summons (ECF No. 8). To date, PVS has not made any appearance in this case.

On May 2, 2017, Plaintiffs moved for entry of Clerk's default, and the Clerk entered default the following day. Mot. for Entry of Clerk's Default (ECF No. 11); Default (ECF No. 10). Fidelity subsequently brought the instant motion for default judgment on June 6, 2017.

## II. ANALYSIS

Under Federal Rule of Civil Procedure 55(b)(2), the Court may enter default judgment if the Clerk previously has entered default based on the defendants' failure to defend. After entry of default, the factual allegations in the complaint are taken as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Whether to grant a default judgment lies within the Court's discretion. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). In deciding whether to enter a default judgment, the Court considers factors such as:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72. A default judgment generally is disfavored because "[c]ases should be decided upon their merits whenever reasonably possible." *Id.* at 1472.

Default judgment is appropriate under the circumstances in this case. Plaintiffs pursued their claim against PVS to recover money for PVS's withdrawal from the Trust. PVS has failed to respond to the complaint or otherwise participate in this case despite being served with process. Given PVS's failure to participate in this case, Plaintiffs would be prejudiced by having to expend additional resources litigating an action that appears to be uncontested.

The complaint sufficiently sets forth Plaintiffs' claims under the liberal pleading standard in Rule 8 of the Federal Rules of Civil Procedure. Further, Plaintiffs' claims appear to have merit based on 29 U.S.C. 1399(c)(5)(A), which provides that "[i]n the event of a default, a plan sponsor may require immediate payment of the outstanding amount of an employer's withdrawal liability, plus accrued interest on the total outstanding liability from the due date of the first payment which was not timely made." Plaintiffs have also provided copies of the Trust agreements (ECF No. 11-1, pp. 19-57), correspondence with PVS regarding the alleged debts (ECF No. 11-1, pp. 6-13), and sworn affidavits from counsel (ECF No. 11-1, pp. 2-4) supporting the allegations made in the complaint, as well as the claim for $772 in attorney's fees. Given the evidence presented by Plaintiffs, a dispute over this amount is unlikely. However, given the lack of evidence provided by Plaintiffs in support of its claim for $5,000 in anticipated legal fees, the Court finds that this amount would likely be disputed.

There is no evidence that PVS's default in this case is due to excusable neglect. Despite being served with the summons and a copy of Plaintiffs' complaint, PVS have not responded. Given PVS's failure to participate in this case, a decision on the merits is "impractical, if not impossible." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002.) Entry of a default judgment therefore is appropriate for the amount claimed by Plaintiffs, less the $5,000 in unsubstantiated future legal fees.

//

//

//

//

//

//

//

**III. RECOMMENDATION**

IT IS THEREFORE RECOMMENDED that Plaintiffs Nevada Resort Association-International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada, Local 720 Pension Trust, and Nevada Resort Association-International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada Local 720 Pension Trust's motion for default judgment (ECF No. 11) be GRANTED.

IT IS FURTHER RECOMMENDED that Judgment be entered in favor of all Plaintiffs against Defendant Projection Video Services, Inc. in the amount of $24,860.

**IV. NOTICE**

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this Report and Recommendation may file a written objection supported by points and authorities within fourteen days of being served with this Report and Recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: January 26, 2018

C.W. Hoffman, Jr.
United States Magistrate Judge